IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TRYSTON WILSON,<br>Individually And On Behalf Of<br>All Others,<br><br>    Plaintiffs,<br><br>vs.<br><br>FIRST ADVANTAGE BACKGROUND<br>SERVICES CORP.<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Case No: 5:21-cv-06071<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Tryston Wilson, individually, by and through counsel and on behalf of the Putative Class set forth below, and in the public interest, brings the following class action against Defendant First Advantage Background Service Corp. ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant is a Consumer Reporting Agency.

3. Defendant provided Walmart with a Consumer Report concerning the Plaintiff.

4. The Consumer Report provided to Walmart by the Defendant contained inaccurate and false information.

5. Plaintiff asserts FCRA claims against Defendant on behalf of himself and a class of all individuals for which Defendant produced a Consumer Report.

6. Plaintiff asserts FCRA claims against Defendant on behalf of himself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

7. On behalf of himself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, and all other relief available pursuant to the FCRA.

## PARTIES

8. Plaintiff Wilson is a resident of St. Joseph, Missouri. Plaintiff is a member of the Putative Classes defined below.

9. Defendant is a foreign company doing business in Missouri.

## JURISDICTION AND VENUE

10. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

11. Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

13. Plaintiff applied for employment with Walmart in or about December of 2020.

14. Wal-Mart ordered a Consumer Report concerning the Plaintiff from the Defendant on or about December 14, 2020.

15. The Defendant completed the Consumer Report concerning the Plaintiff on or about December 28, 2020.

16. The Consumer Report was used by Wal-Mart to take an adverse action against the Plaintiff.

17. On or about December 28, 2020, the Defendant sent the Plaintiff a letter dated that same day.

18. The letter sent to the Plaintiff by the Defendant was sent on behalf of Wal-Mart.

19. The Consumer Report issued by the Defendant concerning the Plaintiff contained information about the Plaintiff that was false, inaccurate, and derogatory.

20. The Consumer Report issued by the Defendant concerning the Plaintiff contains a section titled Background Report Summary.

21. Within the section titled Background Report Summary is a heading: County Seat Felony & Misdemeanor.

22. The Consumer Report issued by the Defendant indicates that the Plaintiff failed to report a conviction within the section titled Background Report Summary.

23. Page five of the Plaintiff's Consumer Report contains a section with the following heading: County Seat Felony & Misdemeanor SAINT JOSEPH, BUCHANAN, MO.

24. The section on page five with the heading "County Seat Felony & Misdemeanor SAINT JOSEPH, BUCHANAN, MO" shows a score of "no self-report and conviction found".

25. The Consumer Report states that a Felony and a Misdemeanor were not reported.

26. The Consumer Report states that a Felony and a Misdemeanor conviction was found.

27. Plaintiff did not fail to report a conviction to Wal-Mart.

28. Plaintiff has never been convicted of a felony.

29. Stating that the Plaintiff failed to self-report a conviction is libel.

30. Contained in the section titled Background Report Summary is the language "Conviction Found."

31. There is no conviction in the Plaintiff's Consumer Report.

32. Indicating that there is information in the Plaintiff's Consumer Report that he has been convicted is false, inaccurate, misleading, and derogatory.

33. Indicating that there is information in Plaintiff's Consumer Report that he has been convicted cost the Plaintiff his job with Wal-Mart.

34. Indicating that the Plaintiff has a conviction threatened his livelihood.

35. Indicating that there is a "Conviction Found" in the Plaintiff's Consumer Report threatens his livelihood.

36. The manner in which Defendant provided a Consumer Report on the Plaintiff is consistent with its policies and practices.

37. The manner in which Defendant produced a Consumer Report on the Plaintiff is the same or similar method used to obtain Consumer Reports on other putative class members.

38. Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates in violation of 1681e(b).

39. Defendant is aware of the FCRA.

40. Defendant has knowledge that it must comply with the FCRA.

41. Defendant is required to produce all Consumer Reports for employment purposes in accordance with the FCRA.

42. The Consumer Report prepared and produced by the Defendant was not accurate.

43. A Service Agreement addressing the production of Consumer Reports for employment purposes exists between Wal-Mart and the Defendant.

44. Defendant's multiple violations of the FCRA combined with its knowledge of the

requirements of the FCRA is evidence that the Defendant's violations were willful.

## CLASS ACTION ALLEGATIONS

45. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

46. Plaintiff asserts the following class defined as:

    **Proposed Felony Conviction Class:** All individuals who were the subject of one or more Consumer Reports that included language indicating that there was a felony "Conviction Found" when there was no felony conviction from May 3, 2019, through the conclusion of this matter.

    **Proposed Misdemeanor Conviction Class:** All individuals who were the subject of one or more Consumer Reports that included language indicating that there was a misdemeanor "Conviction Found" when there was no misdemeanor conviction from May 3, 2019, through the conclusion of this matter.

    **Proposed Conviction Class:** All individuals who were the subject of one or more Consumer Reports that included language indicating that there was a "Conviction Found" when there was no conviction from May 3, 2019, through the conclusion of this matter.

### Numerosity

47. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly produces Consumer Reports on individuals for employment purposes and other purposes. Said reports are produced in a manner that is misleading and does not assure the maximum possible accuracy of the information in the report. Plaintiff believes that during the relevant time period, thousands of individuals would fall within the definition of the Putative Class.

### Common Questions of Law and Fact

48. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual class members. Among the questions of law and

fact common to the class is:

a. Whether Defendant properly follows reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates;

b. Whether the Defendant follows reasonable procedures to assure the information contained in the reports are not misleading;

c. Whether Defendant's violations of the FCRA were willful;

d. The proper measure of statutory damages and punitive damages; and

## Typicality

49. Plaintiff's claims are typical of the members of the proposed class. Defendant is a consumer reporting agency that produces Consumer Reports to third parties. Defendant produces the reports in violation of the mandates of the FCRA. The FCRA violations suffered by the Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

## Adequacy of Representation

50. Plaintiff, as a representative of the class, will fairly and adequately protect the interests of the Putative Class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

## Superiority

51. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

52. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

53. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

54. Class certification is also appropriate under Rule 23 of the Federal Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution, the Plaintiff is unaware of any similar claims brought against Defendant by any members of the Putative Class on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that

might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

55. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## COUNT I
### Violation of the FCRA

56. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

57. Defendant produced a "Consumer Report," as defined by the FCRA, concerning the Plaintiff to Walmart.

58. The Consumer Report produced by the Defendant contained information that was misleading and inaccurate.

59. Defendant did not properly prepare the Plaintiff's Consumer Report to assure that it was maximally accurate in accordance with the FCRA.

60. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other putative class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

   a. Defendant is a large corporation with access to legal advice through its own General Counsel's office and outside counsel;

   b. Defendant committed multiple violations of the FCRA by producing a Consumer Report that was both inaccurate and misleading;

      c.      Defendant produced a Consumer Report that was not maximally accurate.

61. Plaintiff and the putative class are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

62. Plaintiff and the putative class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

63. Plaintiff and the putative action class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

      a.      Order that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

      b.      Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

      c.      Order directing proper notice to be mailed to the Putative Class at Defendant's expense;

      d.      Order finding that Defendant committed multiple, separate violations of the FCRA;

      e.      Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

      f.      Order awarding statutory damages and punitive damages as provided the FCRA;

      g.      Order awarding reasonable attorneys' fees and costs as provided by the

FCRA; and

h.   Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed classes have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Associates LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

The undersigned certifies that on February 16, 2022, I electronically submitted the foregoing to the Clerk of the Court with notification of such filing by ECF to all Defense Counsel of Record.

/s/ C. Jason Brown
Attorney for Plaintiff